MEMPHIS MACHINE WORKS *v.* CITY OF ABERDEEN.

1. PLEADING.    *Tender.    Code* 1892, § 713.    *Account.*

   If a defendant sued upon an open account fail to plead to a part of the items sued for and make a tender into court, under code 1892, § 713 authorizing such a proceeding, of the sum not denied, the plaintiff is entitled to a judgment for the items not put in issue, without acceptance of the same in satisfaction of his suit, even if he goes to trial and loses on the other items.

2. SAME.    *Effect of the statute.*

   The only effect of the statute, code 1892, § 713, authorizing a tender of a sum of money into court in satisfaction of a plaintiff's demand, is to impose costs upon the plaintiff if he fail to recover a sum in excess of the tender.

3. CONSTITUTIONAL LAW.    *Constitution* 1890, *sec.* 14.

   The legislature is without power, under constitution of 1890, sec. 14, providing that "no person shall be deprived of life, liberty or property except by due process of law," to deprive a plaintiff of a sum of money admitted to be due him.

From the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

The Memphis Machine Works, appellant, was the plaintiff

in the court below; the city of Aberdeen was defendant there. The suit was upon an open account for $398.05, one item of which alone was for $350. The defendant, by its pleading, admitted all of the account save the one item for $350, to which it made defense. As to the other items, aggregating $48.05, it pleaded a tender made since suit begun, and kept the tender good by paying said sum, with costs accrued up to date of the tender, into court. This tender the plaintiff did not accept, and the cause proceeded. The court refused to instruct the jury, at plaintiff's request, that it was entitled at all events to recover the $48.05; there was a verdict and judgment for defendant, denying plaintiff any recovery whatever, and plaintiff appealed to the supreme court. The statute involved is as follows:

"713 (1577). *Offers of satisfaction by defendant.*—The defendant in any personal action, except actions for assault and battery, false imprisonment, libel, slander, malicious arrest or prosecution, criminal conversation, or seduction, may offer with his plea, or in writing afterwards, before trial, and pay into court a sum of money by way of compensation or amends, and may plead that the same is sufficient to satisfy the plaintiff in respect of the cause of action in the declaration mentioned. If the plaintiff accept the same, judgment shall be entered therefor with costs; but if he fail to accept it, the offer shall be considered withdrawn, and shall not be given in evidence; and if the plaintiff fail to recover more than the sum so offered, he shall pay all the costs accruing after such offer."

*Gilleylen & Leftwich,* for appellant.

The court below entirely misconstrued § 713, code of 1892. That statute was never intended to amend the rules of pleading. It certainly cannot be that this offer admitting an indebtedness of $48.05 relieves the defendant of making any plea as to the items composing same. The offer is not a substitute for a

plea. The plaintiff was entitled to a peremptory charge for at least the sum not denied.

There is abundant reason to argue that in the enactment of § 713, which says the defendant may "offer a sum of money by way of compensation or amends," the lawmakers had in view a claim not consisting of items like an open account, but one entire demand like that arising in negligence cases or actions *ex delicto.* The statute does not say "a sum of money by way of satisfaction or payment," as it might have done had it had in view actions *ex contractu,* and which would have been the only proper language, but it uses language only properly referable to a restitution for a wrong.

It is illogical for the defendant to come into court and say in an action on account, I owe you such and such an item in full, I tender you what I owe in full "compensation for and by way of amends" of the sum demanded for different and totally disconnected items.

This statute was given as an expedient whereby defendants might save costs unless plaintiff recovered more than was tendered. "The plaintiff, by refusing to accept the offer, would not preclude himself from recovering an amount to which the evidence showed him entitled." *Collier* v. *White,* 67 Miss., 133.

*D. W. Houston,* for appellee.

The court below followed the language of the statute, and simply decided that the plaintiff, failing to accept the offer, "the offer shall be considered withdrawn, and shall not be given in evidence," that is, in such case, no evidence of said offer having been made shall be given to the jury.

Section 713, code of 1892, does apply to an action like this, an action of assumpsit, to any *ex contractu* action, and is not limited to actions *ex delicto.* The statute says: "The defendant in any personal action, except actions for assault and battery, false imprisonment, libel, slander, malicious arrest

or prosecution, criminal conversation, or seduction, may offer with his plea," etc.   This action at bar is a personal action. Personal actions include actions *ex contractu* as well as actions *ex delicto.*

TERRAL, J., delivered the opinion of the court.

The appellant, the plaintiff below, was entitled to a verdict for $48.05, a part of the sum sued for.   There was no denial of the claim of this sum as made in the declaration, and the plaintiff was entitled, at least, to a recovery of that sum.   His request for an instruction to the jury to that effect should have been granted.

It is argued here that § 713, annotated code, is in the way of a recovery of said sum, but the only effect of that section of the code is to impose upon the plaintiff the payment of the costs of the case if he fails to recover a verdict for more than the sum tendered.

It was not the purpose of the legislature by § 713 to deprive the plaintiff of a sum of money admitted by the pleadings to be due him, nor could such purpose, if contemplated, have been effected, while sec. 14 of the constitution is in force, which declares that "no person shall be deprived of life, liberty or property except by due process of law."   The legislature cannot acquit another of a debt, without some default of the creditor; and it could be no default of the plaintiff that he declined to take $48.05 in full satisfaction of his claim of $398.05.

The plea of tender, in so far as it is pleaded in bar of the recovery of the $48.05, is manifestly bad and frivolous.

*Reversed and remanded.*