## SIMS *v.* HARDIN *et al.*

[95 South. 842.   No. 23212.]

1. TENDER.   *Tender and payment into court held admission of adversary's cause to extent of amount pleaded and tendered and cannot be withdrawn, although recovery less than tender.*

   A plea of tender and the payment of the amount tendered into court by a party to a cause is an admission of his adversary's cause of action to the extent of the amount so pleaded and tendered, and by such tender the title to the money so tendered is thereby transferred to the opposite party, and cannot be withdrawn by the party making it, even though his adversary recover less than the amount tendered.

2. TENDER.   *Party making tender to clerk of court held entitled to difference between amount of tender with plea and amount deposited.*

   This principle, however, has no application to any amount paid into court in excess of the sum so tendered, therefore, in a case where the sum paid into court was in excess of that pleaded as a tender, and the judgment rendered against the party so making such deposit was for the exact amount of said tender, but the clerk of the court, with whom said tender was deposited, paid out the entire amount so deposited with him to the successful party to the litigation, *held,* the party making the tender was entitled to recover from said clerk the difference between the amount tendered with his plea and the amount actually deposited with the clerk.

APPEAL from chancery court of Calhoun county.

HON. J. G. McGOWAN, Chancellor.

Suit by W. H. Hardin and others against A. J. Sims. From a decree for plaintiffs, defendant appeals. Affirmed.

*David Sanderson,* for appellant.

It is agreed that complainants, who are appellees herein, paid over and delivered to A. J. Sims, appellant herein, and then clerk of the chancery court of said county, the

sum of one thousand six hundred ninety dollars and thirty-seven cents as a tender in said cause No. 2749. The sum tendered and paid into court in said cause No. 2749, must have been regarded by tenderers as the amount due by them to tenderee, the said J. F. Ross, defendant therein. Our view is that the tender and payment into court of such sum was a conclusive admission by W. H. Hardin and J. M. Fondren, appellees herein, that such sum was due the tenderee, and was a conclusive admission by them of his right to the amount tendered; and hence that the sum so tendered and paid into court belonged absolutely to the tenderee, J. F. Ross, whatever the fate of the action. *Fox et al.* v. *Williams,* 92 Wis. 320, 66 N. W. 357.

Again, the tenderee, J. F. Ross, was entitled to the full amount tendered and paid into court notwithstanding his refusal to accept the amount tendered. That tenderee refused to accept the sum tendered until after adverse decision by the court, is immaterial. The payment into court is equivalent to acceptance by the tenderee of the amount tendered. *Taylor* v. *Brooklyn El. R. Co.,* 719 N. Y. —; *Mann* v. *Sprout,* 185 N. Y. 109, 5 L. R. A. (N. S.) 561.

Moreover, the said J. F. Ross, the tenderee in said cause No. 2749, was entitled to the full amount of the tender, although, after refusal by him to accept the sum tendered, the case proceeded to trial and final judgment was for a less amount than the sum tendered and paid into court; and the result would have been the same, perhaps, if the judgment had been against him altogether. For the tender of said sum into court and the payment thereof into court operated as a final and irrevocable transfer and the money tendered and paid into court passed irrevocably to the said J. F. Ross except perhaps in case of a mutual mistake or mistake on one side and fraud on the other; neither of which is alleged in this case. In making the deposit, the tenderer divested himself of title and title thereto passed to the tenderee. *Mann* v. *Sprout,* 185 N. Y. 109, 5 L. R.

A. (N. S.) 561; *Schur* v. *Hickcox*, 45 Wis. 200; *Fox et al.*
v. *Williams,* 92 Wis. 320, 66 N. E. 357; 38 Cyc. 176-7.

Furthermore, if the complainants in said cause No.
2479, and who are appellees herein, by their tender and
payment into court of the said sum of one thousand six
hundred ninety dollars and thirty-seven cents divested
themselves of the title to the said sum, and title thereto
passed to the said J. F. Ross, tenderee therein, then nei-
ther said sum nor any part thereof can be recovered by
appellees in this cause. The recovery of any part thereof
would be in effect to re-transfer title to the appellees who
made such tender, and plead same in said cause No. 2749,
and would be violative of the rights of tenderee in said
cause as guaranteed by section 14, article 3 of the Consti-
tution of 1890, unless there were mutual mistake or mis-
take on one side and fraud on the other, neither of which
as stated above has been alleged. 27 So. 608; Sec. 14, art.
3, Constitution of 1890.

If, therefore, our interpretation of the law as set forth
in the cases hereinabove cited is correct, then appellant A.
J. Sims, former clerk of the chancery court, and into whose
custody said tender of one thousand six hundred ninety
dollars and thirty-seven cents was placed, acted in accord-
ance with the spirit and letter of the law in paying over
to the said J. F. Ross, tenderee in said cause No. 2749, the
remainder of said tender amounting to ninety-three dol-
lars and seventy-two cents, after paying to him the amount
of one thousand five hundred ninety-six dollars and sixty-
five cents as directed by final decree in said cause No.
2749 and the appellees herein are not entitled to recover
of the appellant the sum of ninety-three dollars and sev-
enty-two cents, the balance of sum tendered, and for the
recovery of which this suit was brought.

We respectfully submit that the decree of the lower court
should be reversed and judgment here dismissing the com-
plainants' bill in the court below.

*A. F. Patterson,* for appellee.

We respectfully submit that whatever might be the general laws of tender they are not applicable to this case. The authorities cited, to-wit: *Hardin et al.* v. *Ross et al.,* 78 So. 2, and *Ross* v. *Hardin et al.,* 84 So. 392, are the law of this case. That the decree of the chancery court below in this case should be affirmed and the appellant taxed with all costs of appeal.

ANDERSON, J., delivered the opinion of the court.

This is an action by the appellees W. H. Hardin and J. M. Fondren against appellant A. J. Sims, ex-chancery clerk of Calhoun county, for ninety-three dollars and seventy-two cents balance of an alleged tender remaining in the hands of appellant, made by appellees in a cause theretofore pending in the chancery court of Calhoun county, said alleged tender having been deposited with appellant, who was at that time chancery clerk of said county. The suit was brought in the court of a justice of the peace of Calhoun county, and from that court appealed to the circuit court of that county, which latter court transferred the cause to the chancery court of the same county, where the pleadings were made to conform to the practice of that court. There was a trial on bill, answer, and proofs and a decree rendered for the appellees for the amount sued for, from which decree appellant prosecutes this appeal.

The question arose in this manner: On the 21st day of May, 1919, a final decree was rendered by the chancery court of Calhoun county in a cause then pending in that court in which appellees were complainants and J. F. Ross and L. E. Bates were defendants. In their bill filed in said cause appellees alleged that they had tendered to the defendants in said cause, in satisfaction of their claim against appellees one thousand five hundred ninety-six dollars and sixty-five cents, which tender defendants had declined, and alleged further that the amount so tendered

was the true amount due by them to the defendants in said cause, which they were ready and willing to pay, tender of which they renewed and continued. It was admitted on the trial of that cause that said tender had been made by apppellees. After the filing of said bill, appellees continued said tender by depositing with appellant as clerk of said chancery court as a payment into court the sum of one thousand six hundred ninety dollars and thirty-seven cents, which was ninety-three dollars and seventy-two cents more than the amount of their tender as pleaded in their said bill. The difference was probably the result of an error in calculation; the record in the case shows no other reason. The final decree in said cause found the amount to be due the defendants therein by appellees to be the exact amount tendered in their bill in said cause, to-wit, one thousand five hundred ninety-six dollars and sixty-five cents, and said decree directed appellant as such clerk to pay defendants in said cause out of the funds in his hands that amount. Instead of complying with the decree of the court, appellant, probably supposing that the amount deposited in his hands corresponded exactly with the amount tendered and found by said decree to be due, paid over to the defendants in said cause the entire amount of said deposit, one thousand six hundred ninety dollars and thirty-seven cents. Appellees then brought this action against appellant, conceiving that on account of his having paid to the defendants in the said cause the said sum of ninety-three dollars and seventy-two cents, to which they were not entitled, and which belonged to appellees, the latter were entitled to recover the same back from appellant.

Appellant contends that recovery cannot be had by appellees under the principle that a plea of tender and bringing the money into court by a party is an admission of his adversary's cause of action to the extent of the amount alleged; and a party so tendering does so at his peril, for the money belongs absolutely to the party for whose account it is paid; and, to the extent of said tender, the latter's cause of action is admitted and is thereby no longer

an issue between the parties; and that such tender cannot be withdrawn by the party making it, even though his adversary recovers less.  38 Cyc. 176, 177, and notes, and *Memphis Machine Works* v. *Aberdeen*, 77 Miss. 420, 27 So. 608, are relied on by appellant.

The principle of law contended for by appellant is perfectly sound, but the facts do not exist in this case justifying its application.  There was no tender in this case, either out of court or in court, of the larger amount of one thousand six hundred ninety dollars and thirty-seven cents, but the amount pleaded and tendered was one thousand five hundred ninety-six dollars and sixty-five cents. It is true the larger amount was deposited with the clerk through some misconception.  But the admission of the appellees by their plea in that case was that they were due the smaller sum.  Therefore we are of opinion the decree of the court should be affirmed.

*Affirmed.*