THOMAS E. HUNT v. GEORGE GARDNER.

A plea setting up that a lessee assigned his lease, and that the lessor accepted such assignee as his tenant, does not show a bar to an action of covenant for rent on the lease, against the original tenant.

On demurrer to plea.    Covenant for non-payment of rent and non-repair of premises.

The fourth plea, which was the one demurred to, stated that the defendant assigned the lease, by deed, to one Deweer, and did " bargain, sell, assign, transfer, and set over unto " him, " all his right, title, interest, term of years then to come,

&c., in the premises, &c., subject to all the covenants as to repairs and payments of rents, &c.; that said assignee entered into the said demised premises, and became and was possessed for the residue of the said term; that after said entry, the plaintiff did accept and receive of and from the said Deweer, as tenant to the said plaintiff, yearly and each year thereafter, all the rent reserved by said lease, and as therein made payable, and then and there accepted the said Deweer as his tenant of the said leased premises, with the appurtenances."

Argued at June Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL, and KNAPP.

For the plaintiff, *Martin Wyckoff*.

For the defendant, *John H. Nunn*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The plea which has been demurred to is obviously insufficient. The breaches laid in the declaration are two—first, for the non-payment of the whole of the rent which accrued during the entire term of ten years; and, second, for the not keeping the premises in repair during the term. To the allegation of non-feasances thus specified, the defendant replies, that on a day in April—which is not specified—in the year 1866, "all the rent reserved by said indenture having been then paid," he transferred the lease and all his interest in the term, to a third person, who entered into possession on the day and year last mentioned, and that thereafter the plaintiff received the rent subsequently accruing from such assignee, and accepted him as his tenant. The pleader, in interposing this plea as a defence to the whole action, appears to have supposed that the facts thus stated by him exhibited a surrender, by operation of law, of the premises from the original tenant to the landlord. If this supposition were well founded, it would seem that the plea would be good, because

a surrender has the effect of putting an end to the lease, as well as of ending the term. The authorities are not clear with regard to the operation of a surrender in law, on the lease and its covenants, but I think it is sufficiently indicated that such operation destroys the privity of contract between the lessor and lessee, as well as the privity of estate. It was so held in *Smith* v. *Niver*, 2 *Barb.* 180, which was a suit in covenant for rent, the successful defence being a surrender by operation of law. So, too, the current comments of the court, in the course of the argument, in the case of the *Mines Royal Societies* v. *Magnay*, 18 *Jur.* 1028, are strongly evincive of a similar view with respect to the distinctive effect of a surrender on the covenants contained in the demise. Although, perhaps, the point is not directly decided in any English case, the tenor of the judicial language, in all the important decisions on the subject of a surrender by act of law, have a similar tendency.

If, therefore, in the present instance, the plea in question had manifested that these premises had been duly surrendered by act of law, I should not have agreed with the contention of the counsel of the plaintiff, that such surrender could not affect the right of action on the lease, it being under seal. I am led to think that the counsel has confounded the effect of a surrender of a term by act of law, with the effect of a mere severance of privity of estate, which, in my estimation, has a far narrower operation with respect to the rights of the parties. When merely the privity of estate is destroyed, the effect undoubtedly is to disenable the landlord to sue in debt for his rent, even though such suit be brought on the sealed demise; but this result obtains from the circumstance that the action in that form is, in legal theory, founded in the right of the tenant to enjoy the premises, the sealed instrument being treated as mere inducement; and hence, contrary to the general rule in suits on specialties, the plea of *nil debet* is legitimate. But this mere severance of the relationship, arising by reason of community of estate between the lessor and lessee, will not destroy the rights and liabilities existing in

the contract between them, and, consequently, such severance cannot be set up as a bar to an action of covenant founded on the lease.   The cases cited by counsel are decisive on the question, and, in this respect, the law has been long since settled.   But these adjudications do not apply to the event of a surrender of the demised premises by operation of law, as it, according to the view already expressed, terminates as well that relationship of the lessor and lessee which inheres in covenant, as that which inheres in estate.

But the infirmity of this plea is, that it does not show a surrender, for its utmost effect is to exhibit a cessation of the privity of estate between these parties, and not a termination of their connection as contractors.   The facts stated are, that the lessee assigned away his interests, and that the lessor received the rent from the assignee, and accepted him as his tenant.   But there is no averment that such assignee was substituted in the place of the original lessee with the intent, on the part of the parties to the demise, to annul its obligations. By the assignment of the lease the lessee did not lose all his rights, nor was he relieved from all his obligations which existed by virtue of the covenants in the lease.   I do not find that the most extreme of the cases favoring the doctrine of surrender by matter *in pais* has gone this length, to dispense with the assent, express or implied, of both the contracting parties, to a destruction of the lease.   Even the case of *Thomas* v. *Cook*, 2 *Barn. & Ald.* 119, which in all this train of decisions goes the farthest in this direction, does not reach this point, as in it the fact appeared that the acceptance of the sub-tenant by the landlord was with the intent to substitute him in the position of the original lessee.   But the doctrine of this case, even, has not been entirely acquiesced in, for, although it has apparently been vindicated by subsequent decisions of the Queen's Bench, it has been subjected to injurious, if not fatal, criticism by Baron Parke, in the case of *Lyon* v. *Reed*, 13 *M. & W.* 285.   I think it may be safely said, that to hold that a surrender in law will be implied, or raised up, from the facts that a tenant has put a third per-

son in possession of the demised premises, and that such third person has been accepted as tenant, with the assent of the original tenant, is carrying the principle to the verge of mischief to titles by leasehold. This was the rule sanctioned in the case of Thomas *v.* Cooke, and in the case in the Exchequer, the judges say, that they feel fully warranted in not extending that doctrine. To ascribe the effect of a surrender to the mere act of the landlord accepting the assignee as his tenant, and receiving rent from him, would be going beyond the precedents. To warrant the inference that the original lease has been annulled, the facts ought to be of an entirely conclusive character. The matters stated in this plea do not sufficiently demonstrate the intention to absolve the original lessee. In the case of *Mills* v. *Auriol,* 1 *Smith's L. C.* (6th ed.) 1116, Lord Kenyon uses this language: "It is extremely clear that a person who enters into an express covenant in a lease, continues liable on his covenant, notwithstanding the lease be assigned over. The distinction between an action of debt and covenant, which was taken in early times, is equally clear. If the lessee assign over his lease, and the lessor accept the assignee as his lessee, either tacitly or expressly, it appears by the authorities that the action of debt will not lie against the original lessee; but all those cases, with one voice, declare that if there be an express covenant, the obligation on such covenant still continues." And further on, in the same opinion, he says: "Even in cases where the landlord has expressly consented to receive the assignee as his tenant, the original lessee has always been held liable on his covenant." From this, it is obvious that the plea under consideration cannot stand, as it shows nothing more than these facts thus pronounced by this eminent authority to be insufficient of themselves to operate as a discharge of the covenants between these parties.

The plaintiff must have judgment on this demurrer.