THOMAS J. STEWART, PLAINTIFF-APPELLEE, v. CHILDS COMPANY, DEFENDANT-APPELLANT.

Argued June 25, 1914—Decided November 16, 1914.

A covenant in a lease to pay rent, by the tenant, and a covenant by the landlord to keep the cellar waterproof, are independent covenants. A breach of the latter is not a defence to an action for the non-payment of rent under the covenant.

On appeal from the Hudson Circuit Court.

For the appellant, *Lum, Tamblyn & Colyer* and *William D. Edwards.*

For the appellee, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

BLACK, J. The error complained of by the appellant in this case is the ruling of the trial court directing a verdict for the plaintiff. The suit was instituted in the Hudson Circuit Court to recover rent, due under a written lease for the premises No. 53 Newark avenue, Jersey City. The lease was dated the 26th day of December, 1901, the term commencing on the 1st day of February, 1902, ending on the 1st day of May, 1922, at the yearly rental of three thousand dollars ($3,000). The lease contained these covenants: by the tenant, "that the tenant shall pay the rent aforesaid as the same shall fall due;" by the landlord, "the basement shall be waterproof, and not less than seven feet high. And he does hereby guarantee that he will at all times during the said lease keep the said cellar waterproof at his own expense." The evidence of the defendant showed that there was a breach of the above covenant, on the part of the landlord, to keep the cellar waterproof during the term of the lease. The trial court held that the two covenants were independent. The breach of the covenant to keep the cellar waterproof was not a defence to an action for rent. The judge at the trial, therefore, directed a verdict for $4,350 in favor of the plaintiff. It is this ruling of the trial judge which the defendant alleges is erroneous in law, and seeks to have the judgment reversed. The defendant contends, to use the words of the brief, that the failure of the landlord to do what is lawfully required of him, either by the terms of the lease or otherwise, which renders the demised premises unfit for the purpose for which they are leased, or which seriously interferes with the beneficial enjoyment thereof, in consequence of which the tenant abandons the premises, constitutes an eviction by construction of law and releases the tenant from the obligation under the lease to pay rent accruing thereafter. While the plaintiff contends that the failure by the landlord to perform his guarantee does not constitute an eviction in fact or constructively.

There are numerous cases in this and other jurisdictions illustrating the principle of eviction, both actual and constructive, applied as a defence to an action for the nonpayment of rent. Chief Justice Jarvis, in the case of *Upton* v. *Townend and Greenless,* 17 *C. B.* 30, 51, after speaking of a physical expulsion or amotion, in reference to a constructive eviction, said: "I think it may be taken to mean this,—not a mere trespass and nothing more, but something of a grave and permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises." This definition of a constructive eviction was cited with approval by our Supreme Court in the cases of *Meeker* v. *Spalsbury,* 66 *N. J. L.* 60; *Metropole Construction Co.* v. *Hartigan,* 83 *Id.* 409.

The record shows that the premises were fitted for and used as a Childs restaurant. Soon after the place was opened for business there was water in the basement which was taken care of by the tenant with a hand pump; that at times it got two feet deep; that the tenant moved out of the premises in May, 1904, and resumed again in November, 1904; from 1905 to 1909 the premises were sublet; the tenant abandoned the premises in 1909. In October, 1910, there were three feet of water in the cellar; the presence of the water in the cellar was wholly due to the fact that the walls and foundations were not waterproof. The cellar was necessary for the conduct of the business of the defendant. The cellar was used in part for storage but mainly for the steam apparatus that perfects the coffee. There is no evidence that the landlord in any way was responsible for the water in the cellar, except that the walls and foundations were not waterproof according to the guarantee. The facts in the record, on which the judge at the trial was called upon to make a ruling, tested by the rule above cited, fall short of making out either an actual or constructive eviction. We are unable to find in the record any evidence that shows that the landlord, or by his procurement, did anything with the intention of depriving the tenant of the enjoyment of the premises. A

breach of his covenant was not a defence to the action; the ruling of the trial court in directing a verdict for the plaintiff was not error.

No error appearing in the record, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WILLIAMS, JJ. 13.

*For reversal*—None.