MICHAEL F. O'NEIL, PLAINTIFF AND APPELLEE, v. FREDERIC M. P. PEARSE, DEFENDANT AND APPELLANT.

Submitted March 18, 1915—Decided June 4, 1915.

1. An eviction is an act of a permanent character done by the landlord in order to deprive, and which had the effect of depriving, the tenant of the use of the thing demised, or a part of it.
2. Facts found by the District Court judge, sitting without a jury, will be presumed to rest on competent proof when nothing appears to the contrary.
3. A mere trespass upon the demised premises resulting only in slight interference with the tenant, does not constitute a constructive eviction as a matter of law.
4. Trespasses, or other acts of third persons, impairing the usefulness or enjoyment of the demised premises, do not amount to an eviction by the landlord, unless the acts from which an eviction is asserted to result were committed under the direction of or at the instance or with the consent of the landlord.
5. It is only when the minds of the parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant, and execute that intent by acts tantamount to a stipulation to put an end thereto, that a surrender by act and operation of law arises.

6. When, from the evidence, it is open to the trial judge, sitting without a jury, to find that the minds of the parties did not concur in a common intent to relinquish the relation of landlord and tenant, his finding that there was no surrender by operation of law will not be disturbed.

7. The mere fact that a landlord, after his tenant had abandoned the premises against the will of the landlord, endeavors unsuccessfully to relet the premises, does not constitute, as a matter of law, an acceptance of an alleged surrender of the term.

On appeal from the First District Court of the city of Newark.

Before Justices TRENCHARD, BERGEN and BLACK.

For the appellant, *Burton L. R. Hare.*

For the appellee, *William J. McFadden.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below demised to the defendant a part of a one-story building separated from the remainder by a partition, with right of ingress and egress to the defendant, his employes and customers. Other parts of the premises were demised to another tenant, subject to the defendant's right of ingress and egress.

The demise to the defendant was for six months. Before the end of the term the defendant vacated the premises and this suit was brought to recover the rent for the remainder of the term.

We are of the opinion that the judgment for the plaintiff rendered by the trial judge, sitting without a jury, must be affirmed.

Without stopping to consider whether, technically, any legal question is properly presented by the record, we have examined the questions argued and find no merit in them.

It is first said that there was an eviction resulting from interference with the enjoyment of the premises. But that question, under the evidence in this case, was for the judge, sitting without a jury.

An eviction is an act of a permanent character done by the landlord in order to deprive, and which had the effect of depriving, the tenant of the use of the thing demised, or a part of it. *Upton* v. *Townsend, &c.,* 17 *C. B.* 30.

The trial judge found as a fact "that the interference with the defendant was slight, and such interference was that of a third person and not of the landlord," and further found "that there was no eviction by the landlord."

That finding we cannot disturb. It is true that the evidence taken at the trial is not set out in the state of the case, but the rule is that facts found by the District Court judge, sitting without a jury, will be presumed to rest on competent proof, when nothing appears to the contrary. *Home Coupon Exchange Co.* v. *Goldfarb,* 78 *N. J. L.* 146.

Now a mere trespass upon the demised premises, resulting only in slight interference with the tenant, does not constitute a constructive eviction as a matter of law. *Meeker* v. *Spalsbury,* 66 *N. J. L.* 60.

Moreover, trespasses, or other acts of third persons, impairing the usefulness or enjoyment of the demised premises, do not amount to an eviction by the landlord, unless the acts from which the eviction is asserted to result were committed under the direction of or at the instance or with the consent of the landlord. 24 *Cyc.* 1132. Whether under such rule the landlord in the present case was responsible for such interference, was certainly a jury question.

The defendant next contends that there was a surrender by act and operation of law. But it is only when the minds of the parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant, and execute that intent by acts tantamount to a stipulation to put an end thereto, that a surrender by act and operation of law arises. *Home Coupon Exchange Co.* v. *Goldfarb, supra.* It is contended that the evidence conclusively established such intent. We think not. On the contrary it was clearly open to the trial judge, sitting without a jury, to find that the minds of the parties did not concur in a common intent of

relinquishing the relation of landlord and tenant. Hence the judgment cannot be disturbed upon that ground.

Lastly, it is contended that the landlord by endeavoring to relet the premises, is to be deemed as a matter of law, to have accepted such alleged surrender. We think not.

The mere fact that a landlord, after his tenant has abandoned the premises against the will of the landlord, endeavors unsuccessfully to relet the premises, does not constitute, as a matter of law, an acceptance of an alleged surrender of the term. If there had been, which there was not, evidence that the landlord attempted to relet on his *own account,* the question would have been more difficult. See 24 *Cyc.* 1375, and cases there cited.

The judgment below will be affirmed, with costs.