ALFRED GUNTHER AND MARY GUNTHER, RESPONDENTS,
v. REGINALD E. OLIVER, APPELLANT.

Submitted March 23, 1922—Decided June 7, 1922.

1. On the demise of an apartment in a two-family apartment-house for a period of ten months, there is no contract that the premises shall be fit and suitable for the use for which the lessee requires it, and, consequently, the fact that the apartment was overrun with vermin, will not justify the tenant in abandoning the premises and refusing to pay rent, where it is not shown that the landlord could have rid the premises of vermin without trespassing upon tenant's leasehold.

2. If a tenant had a right to abandon a leasehold on account of conditions which began with the inception of his tenancy, he must act promptly and not wait until the greater part of the term has been completed.

On appeal from the District Court of Bergen County.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the respondent, *Stanton T. Lawrence.*

For the appellant, *G. Earl Brugler.*

The opinion of the court was delivered by

SWAYZE, J. Gunther demised the second floor apartment in a two-family apartment-house and the sole and uninterrupted use and occupation thereof with certain exceptions not material to the present case, for ten months from June 1st, 1920. Oliver left March 1st, 1921, refusing longer to pay the rent. This suit is brought to recover the rent for March and April.

The defence is that there were numerous roaches and bed bugs, which Oliver and his family could not get rid of, the vermin coming in great numbers from every direction from other portions of the premises, and as cold weather came on large numbers of swamp rats overran the premises. The case is within the rule of *Murray* v. *Albertson,* 50 N. J. L. 167. It differs only in fact that this was an apartment-house—what is called a two-family apartment-house—and it is averred the vermin came from other parts of the house. There is nothing to show it was possible for the landlord to get rid of the vermin without trespassing upon the tenant's leasehold. We need not consider whether the facts in a case of an apartment may some time be such as to entitle the tenant to claim a constructive eviction. If he can, it must be in a case where the landlord has it in his power to put an end to the trouble without trespassing.

In *Whitcomb* v. *Brant,* 76 N. J. L. 201, the court apparently did not consider it necessary to consider the question, nor do we think it possible to distinguish this case from Murray *v.* Albertson.

If the tenant, Oliver, had the right to abandon the leasehold he ought to have done it promptly. The trouble of which he complained began with the beginning of his tenancy and he did not feel compelled to abandon it until he had had the benefit of eight months' occupation out of ten.

The court reached the correct result and the judgment should be affirmed, with costs.