BENJAMIN FRIEDERBERG, PLAINTIFF-APPELLANT, v.
WILLIAM T. PARSONS, DEFENDANT-RESPONDENT.

Argued January term, 1925—Decided May 7, 1925.

**Real Estate—Lease in Writing—Contract to Surrender Lease
Verbal—Surrender of Lease Must be According to Statute
of Frauds—Surrender by Operation of Law, Minds Must
Meet, and Surrender Must, in Fact, be Effectuated so as to
Change Relative Situation of Parties.**

On appeal from the Atlantic City District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellant, *John C. Reed.*

For the defendant-respondent, *Parsons & Parsons.*

The opinion of the court was delivered by

MINTURN, J. The suit was upon a lease made by the
Thomas H. Green Company to William T. Parsons, the de-
fendant, and leased to the defendant a certain apartment
known as B3, No. 240 South Connecticut avenue, Atlantic
City, New Jersey. The lease was dated September 22d, 1921,
and was for a period of one year from November 1st, 1921,
to November 1st, 1922.

During the period of the lease the Thomas H. Green Com-
pany sold the premises in question to Joseph Friedemann
and Mabel V. Friedemann, his wife, who became seized of
"an estate in the entirety." At the time of the sale from the
Green company to the Friedemanns, the lease made between
the Green company and the defendant, William T. Parsons,
was assigned to the Friedemanns. On September 17th, A. D.
1922, the lease was assigned by the Friedemanns to the
plaintiff.

On August 13th, A. D. 1922, the defendant testified that he saw Mabel V. Friedemann at the apartment-house and told her that he desired to give up the apartment on September 30th, A. D. 1922, and asked her if she would release him from his lease. Mrs. Friedemann told him that she would have to consult her husband, who was the other tenant by the entirety. The defendant further testified that on or around September 18th he saw Joseph Friedemann, the other tenant by the entirety, and that he made the same request of him, and that Friedemann agreed verbally to release him. Joseph Friedemann denied that he had released defendant. On September 18th, A. D. 1922, the plaintiff took over the possession of the apartment-house. The defendant started moving on September 30th, A. D. 1922, and whilst he was moving, the plaintiff notified him that he would hold him for the rent, and for a time on that day defendant's furniture was held in the apartment.

The plaintiff testified that he, as owner and lessor, had refused to accept a surrender from the defendant, or release him from his lease. This was not denied by the defendant.

At the trial the defendant admitted the execution of the lease, the vacating of the premises on September 30th, A. D. 1922, and that he had not paid $85, and that the plaintiff notified him that if he vacated the apartment he would be held for the balance of the rent due under the lease.

The court held that under the above facts there had been a surrender by operation of law, and rendered judgment in favor of the defendant. We think this was error. To constitute a surrender by agreement the parties should have executed a written release as required by the provisions of the statute of frauds. *Rev.* 1877, *p.* 444. To create a surrender by act and operation of law, the minds of the parties must meet as in a contract, and the surrender must, in fact, have been effectuated so as to change the relative situation of the parties, and in that manner effectually create an estoppel. *Home Coupon Co.* v. *Goldfarb,* 78 *N. J. L.* 146; *Meeker* v. *Spalsburg,* 66 *Id.* 60.

The general rule is declared as follows: "A surrender of a lease by operation of law results from acts which imply mutual consent independently of the expressed intention of the parties that their acts shall have that effect." 16 *R. C. L.* 1153, and cases.

No such situation was created by the alleged agreement in this case, and the judgment must therefore be reversed.