BERNARD PABST, PLAINTIFF, v. BERTHA SCHWARZSTEIN, DEFENDANT.

Submitted November 6, 1924—Decided May 13, 1925.

1. Defendant rented to plaintiff one floor of a building for use as a billiard parlor, and covenanted to heat it from nine A. M. till seven P. M., including Sundays. In a suit to recover damages for lost profits because of failure to heat the premises, it appeared that the room was not used during ordinary business hours, but only in the evening, except Sundays and Saturday afternoons. *Held*, in view of all the circumstances, that a verdict of $75 damages would not be set aside as inadequate. *Quære*, whether plaintiff would be entitled to any damages for failure to heat on Sundays, when playing of billiards and pool is forbidden by the Vice and Immorality act.

2. Defendant rented to plaintiff one floor of the building for business purposes and covenanted to heat it during certain hours. Plaintiff claimed that defendant failed to heat it as agreed, and that thereby plaintiff became ill, with incidental damage for injury to his health, &c. The court nonsuited as to this claim. *Held*, the nonsuit was error.

3. Where a landlord undertakes to keep the demised premises in repair, or, by analogy, to keep them warm for the use of the tenant, and negligently fails to do so, he is liable for personal injury or illness caused by such failure, and for the consequences reasonably to be anticipated therefrom.

4. There is no such thing as a constructive eviction when the tenant does not vacate the premises demised.

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *Abraham Levitan.*

For the defendant, *Samuel Pesin.*

The opinion of the court was delivered by

PARKER, J. Plaintiff was a tenant of defendant under a written lease. The demised premises are described as "all that certain top floor in the premises known as" (street number, &c.) "it being understood and agreed that said floor shall be occupied exclusively as a pool and billiard parlor." The suit is founded on alleged breach by the landlord of a covenant to heat the premises during certain hours, and the complaint is in two counts—the first for loss of business because the room was cold. This the trial judge submitted to the jury, who found a verdict for $75, which plaintiff now claims is inadequate, and asks to have it set aside on that account. The second count avers that because of the failure to heat the room plaintiff was made ill, and claims damages because of that fact. On this count the trial judge ordered a nonsuit, and this, it is claimed, was error.

With respect to the damages found under the first count, we are unable to say that the verdict should be set aside for inadequacy, and this because it happened that, for the most part, the hours during which the landlord was not required to furnish heat were the very hours when patrons were likely to use the place, *i. e.,* in the evening; whereas, during

hours when heat was to be supplied, those patrons were, ordinarily, attending to their business. The covenant was to keep the premises heated from October 15th till April 15th, from nine A. M. to seven P. M. each day, including Sundays. Naturally, on week-days the premises would be deserted during business hours, while on Sundays the testimony of plaintiff showed substantial amounts received for playing privileges. Whether plaintiff could claim damages for loss of profits from a Sunday business conducted, apparently, in violation of the first section of the Vice and Immorality act (*Comp. Stat., p.* 5712), we find it unnecessary to decide, as the point is not raised. See *Rosenberg* v. *Arrowsmith,* 82 *N. J. Eq.* 570. We content ourselves with saying that, in view of the language of the covenant and the facts appearing on the evidence, the verdict is not shown to be inadequate.

It is claimed for the plaintiff that the evidence clearly established a "constructive eviction." But the plain answer to this is that plaintiff did not vacate the premises because of the breach of the covenant, and there is no constructive eviction unless the tenant abandons or vacates the premises. *Metropole Construction Co.* v. *Hartigan,* 83 *N. J. L.* 409, 414.

But with respect to the second count, we conclude that there was error in taking that phase of the case from the jury. The claim was that because of the breach of the covenant to heat (and there was evidence of such breach) the plaintiff was made ill, suffered pain, and was under expense for medicine, and his voice was affected. The trial court held that damages for personal injury resulting from breach of landlord's covenant to repair were not recoverable by a tenant, and, by analogy, no damages for injury to health because of breach of covenant to heat should be allowed. We think the analogy a fair one, but cannot agree to the premise. Plaintiff's brief informs us that "it has been uniformly held in this state that injuries sustained in consequence of a breach of an agreement to kept the premises in repair cannot be recovered for in an action for personal injuries," but without citing any authority for this claim. It must be admitted that

many outside authorities support this view. 36 *C. J.* 208 *et seq.*, and cases cited. In New Jersey the only case so holding, so far as we can discover, is *Cook* v. *Smith* (1912), a Circuit Court case, reported in 35 *N. J. L. J.* 374, in which Judge Dungan remarks that counsel admit that is no reported case on the point in New Jersey. We think that several reported cases, either expressly or by plain implication, support the view that where the landlord has, either by agreement or conduct, undertaken to keep the premises in proper repair, he is liable for personal injury suffered by the tenant because of his failure to carry out his undertaking.

In *Frank* v. *Conradi*, 50 *N. J. L.* 23, the landlord agreed to keep the premises in repair, but the facts showed that a balcony rail was rotten, and plaintiffs fell to the ground, sustaining personal injury, for which they sued. A rule to show cause was made absolute on the sole ground that by the language of the charge the landlord was made an insurer instead of being charged with due care to discover the condition of the rail and repair it.

In *La Brasca* v. *Hinchman*, 81 *N. J. L.* 367, the landlord undertook to repair a stable floor, and failed to do so properly, whereby plaintiff's horse was injured. He was held liable independently of the question whether by the lease he had contracted to repair, and the liability was put upon an implied *assumpsit*.

In *Broame* v. *New Jersey Conference*, 83 *N. J. L.* 621 (later in time than *Cook* v. *Smith, supra*), the landlord had undertaken to keep in order the cover of a cesspool in the yard of the demised premises. It was improperly fastened, and plaintiff was injured. Liability was rested in part, at least, on *La Brasca* v. *Hinchman, supra.*

In *Le Pichard* v. *Thurber*, 84 *N. J. L.* 193, plaintiff rented an apartment of defendant, who contracted to keep it heated. Plaintiff's furniture was injured by steam from a disconnected joint on the demised premises, and the landlord was held liable. See, also, *Smith* v. *Cruse*, 2 *N. J. Mis. R.* 350; *affirmed, ante* p. 82.

In none of the above cases was the element of common rooms or common passageways involved; and two of them were suits for personal injury. We think they recognize the rule that where a landlord undertakes to keep the demised premises in repair (or, by analogy, to keep them warm for the occupancy of the tenant), and negligently fails to do so, he is liable for personal injury or illness caused by such failure, and for the consequences reasonably to be anticipated therefrom. Hence, it was error to nonsuit on the second count, and as to that count the rule to show cause will be made absolute. As to the first count, it will be discharged, as the two parts of the case are separable. *Camden* v. *McAndrews & Forbes Co.,* 85 *N. J. L.* 260, applying rule 131 of the Supreme Court.