MINNIE L. HIGGINS, APPELLANT, v. HORACE H. WHITING, RESPONDENT.

Submitted October 16, 1925—Decided January 28, 1926.

The covenant to pay rent and the covenant to heat in the lease of an apartment house equipped for heating from a central plant entirely under the control of the landlord or his agent are dependent and mutual covenants. Failure to furnish heat in the apartment is a good defense to an action for the rent.

---

On appeal from the Montclair District Court.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Higgins & Taliaferro.*

For the respondent, *David A. McBride.*

The opinion of the court was delivered by

BLACK, J. This suit was brought in the Montclair District Court to recover rent due for the months of May to September, 1924, of premises known as apartment No. 4, in the apartment house located at No. 11 Seymour street, Montclair. The lease for the premises was dated September 25th, 1923, and was to run for one year at the yearly rental of $1,200, payable monthly, in advance. The lease was made

between Leff and Levine and the defendant. On March 15th, 1924, Leff and Levine assigned the said lease to the plaintiff, Minnie L. Higgins. The defendant vacated the premises on March 28th, 1924. The lease provides that the defendant, the tenant, agrees to pay the yearly rental. The party of the first part, *i. e.*, the landlords, "their heirs or assigns, agree to supply hot and cold water and to heat the said apartment during the winter and to supply the usual janitor services all at their own expense."

The case was tried by the court, with a jury, resulting in a directed verdict in favor of the defendant at the close of the case.

The appellant files six specifications of the determination of the court with which she is dissatisfied in point of law. They all involve a singe point, viz., whether the failure to furnish heat in the apartment, as specified in the lease, is a defense to the action for the rent? This, in turn, involves the legal question, whether the covenant to pay rent and to supply heat are mutual and dependent covenants?

In 24 *Cyc.* 918, it is said that covenants are to be construed as dependent or independent according to the intention and meaning of the parties and the good sense of the case. Technical words should give way to such intention. 7 *R. C. L.* 1090, § 7. So, the rule is thus stated; where the acts or covenants of the parties are concurrent, and to be done or performed at the same time, the covenants are dependent, and neither party can maintain an action against the other, without averring and proving performance on his part. 13 *Corp Jur.* 567.

There is a distinction between this and such cases as *Stewart* v. *Childs Co.*, 86 *N. J. L.* 648; see *Pabst* v. *Schwarzstein*, 101 *N. J. L.* 431.

The state of the case sent up with the record shows that the defendant "had moved out on March 28th, 1924; that defendant moved from the premises because of the failure of the landlord to furnish heat; that during the time of his occupancy of the apartment it was unlivable on cold days; that he had complained frequently to the janitor and

to the landlord of the lack of heat, and that on February 8th, 1924, he caused a notice to be served upon the landlord that unless the condition with respect to heat was remedied he would have to remove from the apartment; that the condition with respect to the lack of heat continued on cold days to the time of his removal; that the apartment occupied by the defendant was cold during cold weather. Mrs. Hoffman testified she had visited the apartment in the month of March, and that she had found the premises on cold days to be so cold that it was uncomfortable; that it was so cold that it was necessary for her and the defendant and his family to wear overcoats. That this condition of lack of heat she found in visits to the apartment after March 8th, 1924, as well as before."

In the present case, the covenant to pay rent and the covenant to heat the apartment are mutual and dependent. In the modern apartment house equipped for heating from a central plant, entirely under the control of the landlord or his agent, heat is one of the things for which the tenant pays under the name of "rent."

We think under the facts, as sent up in the state of the case, the trial judge was justified in directing a verdict in favor of the defendant. The judgment of the Montclair District Court is therefore affirmed.