CHARLES AND MARY LORENZ AND ANTHONY AND JO-
SEPHINE LORENZ, TRADING AS LORENZ BROTHERS,
PLAINTIFFS-RESPONDENTS, v. HERBERT McCLOSKEY,
DEFENDANT-APPELLANT.

Submitted May 14, 1926—Decided December 23, 1926.

**Landlord and Tenant—Tenant Claimed Constructive Eviction
as Result of Landlord's Failure to Repair a Leaking Roof—
Upon Removing, Tenant Left Key With Janitor's Wife in
Charge, and After Repairs by the Landlord, Efforts Were
Made to Rent, Also to Sell, Using the Apartment as a Model
Apartment—Held, That Eviction Must be More Than Mere
Trespass, but Something of a Grave and Permanent Charac-
ter, Done by the Landlord With Intention of Depriving Tenant
of the Premises—Held, Further, Though Mere Receipt of
Keys and Efforts to Rent Did Not Constitute Acceptance
of Surrender, the Use of the Apartment as a Model in an
Effort to Sell the Entire Property, and in an Effort to Effect
Rentals of Other Apartments, was a Use Inconsistent With
Claim of Continued Relationship of Landlord and Tenant.**

On appeal from the First District Court of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Levy, Fensler & McCloskey.*

For the respondents, *Stephen J. Lorenz.*

PER CURIAM.

This is an appeal from a judgment in the First District
Court of Newark, entered for the plaintiffs, upon a verdict
rendered by a jury against the defendant in the sum of
$240, at the direction of the court.

The action was for rent for leased premises, at the rate
of $80 per month, for the months of July, August and Sep-
tember. The lease was dated January 1st, 1925, and ran
to September 30th, 1925, at the gross rental of $720, payable

$80 monthly, in advance. The tenant of the property having moved out on the 30th of June, 1925, set up a constructive eviction by the landlords and surrender of the premises as a defense to the action.

The proofs upon which the claim of constructive eviction was based were that the tenant occupied as the rented premises an apartment on the second floor of a four-story apartment building; that on June 15th, 1925, a drain pipe from the roof of the building became clogged, accumulating a large quantity of water which leaked through the roof, soaking the walls and ceiling of his bedroom, and making it impossible for him to sleep there; that the plaintiffs refused to remedy the condition, whereupon the tenant moved out of the property, and turned the key over to the wife of the superintendent of the building, she being in charge while the superintendent was in the hospital.

In *Meeker* v. *Spalsbury,* 66 *N. J. L.* 63, in a careful opinion by Justice Collins, quoting from other authorities therein cited, it is said: "That eviction must be not a mere trespass but something of a grave and permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises;  *  *  * and more fully and accurately defined  *  *  * as an act of a permanent character done by the landlord in order to deprive, and which had the effect of depriving, the tenant of the use of the thing demised or of a part of it."

It will thus be seen that the facts proven fall short of meeting these requirements. The obstruction to the tenant's enjoyment of the property was temporary, and certainly not designed by the landlords, but was a fortuitous event resulting from the leaking of the roof.

On the second point involved we reach a different conclusion. The proofs offered to support the claim that there had been a surrender of the premises, and an acceptance by the landlords, were that when the tenant moved out on June 30th, 1925, he turned the key over to the wife of the superintendent of the building, she being in charge in his absence,

as above stated; that the landlords took possession of the vacated apartment about July 15th, 1925, following; painted and decorated it throughout and changed the living-room walls by panelling, and that about August 1st they showed the apartment in an effort to sell the apartment-house on the tenant co-operative plan, and also showed it as a model apartment in order to rent other apartments in the building. We think this presented a question which the trial judge should have submitted to the jury. The mere receipt of the keys and endeavoring to rent the property did not constitute an acceptance of surrender, but when it was used as a model apartment and exhibited to prospective purchasers to effect a sale of the property, and to applicants for other apartments to effect rentals, it was a use of the apartment for his own purposes inconsistent with the claim of the continued relationship of landlord and tenant.

The result we reach is that the direction of a verdict in favor of the plaintiff was erroneous, and that the case should be reversed, to the end that the question of a termination of the lease had been effected by the voluntary surrender by the tenant, and its acceptance by the landlords, may be passed upon by a jury.

The judgment is reversed.