PHILIP R. LICKER, RECEIVER, APPELLANT, v. JACK R. RUDD, APPELLEE.

Submitted May 17, 1929—Decided June 21, 1929.

Before Justices PARKER, BLACK and BODINE.

For the appellant,

For the respondent,

PER CURIAM.

The suit was for December and January rent of an apartment in an apartment house. Pending the suit, the defendant paid the January rent into court, but defended as to that for December, and the District Court awarded him a judgment.

The ground of defense was that the landlord, represented by the plaintiff as receiver, had undertaken to keep the apartment heated, but that during the month of December failed to do so, and according to the language of the state of the case the defendant stated "that the plaintiff failed to furnish heat sufficient to make the premises comfortable for living purposes, and that said premises were so cold during the month of December, 1928, that he and his wife were compelled to leave the premises from time to time during December, and on one occasion they were compelled to stay at the home of the defendant's mother."

It does not appear that the defendants vacated the premises in the real sense of that term. On the contrary they seem to have retained possession and actually did pay the rent for January.

In the case of *Higgins* v. *Whiting*, 102 *N. J. L.* 279, it is intimated that in a situation of this kind the failure to supply agreed heat is a defense to the suit for rent. But this must be read in connection with the fact appearing ·in that case that when heat agreed upon was not supplied, the tenant moved out.

The general rule appears to be that where a constructive eviction is claimed it is the duty of the tenant to vacate the premises if he proposes to contest the landlord's claim for rent. This rule is laid down in such cases as *Metropole Co.* v. *Hartigan*, 83 *N. J. L.* 414; *Gunther* v. *Oliver*, 97 *Id.* 376, and *Pabst* v. *Schwarzstein*, 101 *Id.* 431 (at *p.* 433). These cases all rest on the leading case of *Murray* v. *Albertson*, 50 *Id.* 167; and the reason is that a tenant cannot at the same time continue to occupy premises and say that he was prevented from using them by some act or omission of the landlord.

It was therefore error in the trial court to award a judgment for the defendant on this ground, and as no other ground was urged, the right of the landlord to recover the rent stood unimpeached.

The judgment will be reversed, and as all the facts before us judgment may be entered in this court for the amount of the unpaid rent, in accordance with the usual practice. *Sullivan* v. *Visconti*, 68 *N. J. L.* 543, and cases cited.