NUTTER MORTGAGE SERVICE, PLAINTIFF-APPELLANT,
v. GEORGE HECK, DEFENDANT-RESPONDENT.

Submitted October 5th, 1937—Decided January 28, 1938.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Daniel R. Creato.*

For the respondent, no appearance.

PER CURIAM.

This is a suit for rent for the month of February, 1937, in the sum of $37, for an apartment in the Hipple Building, in Haddonfield. It was agreed between the parties, at the trial, that the letting was from month to month. On January 15th, 1937, the landlord gave notice, *Exhibit D-2,* that the rent would be increased from $37 to $40, beginning March 1st, and, also, that if the new rental rate was not satisfactory the tenant should regard it as thirty days' notice that the owner desired possession on March 1st, 1937. The tenant moved on January 30th, and the premises remained vacant during February. The tenant gave no notice of his intention to vacate.

The defendant, George L. Heck, testified, among other things, that "as a result of that letter, I went to see Mr. Gillen, the agent, who took charge of the property, made repairs and so forth, and I asked him if that was authentic and he said that it was and that I was to pay more rent or I was to vacate. I had no idea of moving until I saw Mr. Gillen." He further testified that he delivered his check to a Mr. Higgins, on the day that he moved.

The trial judge found, in part, as follows: "As to George Heck, I find as a matter of fact that irrespective of the lease or the landlord and tenant relationship created by *Exhibit D-1,* that conduct subsequent to the receipt of the letter *D-2* by the defendant, resulted in a mutual rescission of the agreement, the whole agreement, and that he voluntarily surrendered the premises before the date to which he was legally entitled to remain in the premises. I, therefore, find by virtue of the mutual rescission there is no cause for action against George Heck." It is from this action that this appeal is taken.

We are unable to find any testimony to support this conclusion of the trial judge. There was no testimony of any mutual rescission. Leaving aside the question of the authority of either Gillen or Higgins to agree to immediate vacation by the tenant, it nowhere appears that they did so agree. The most that appears is that Gillen said the notice was authentic and that the defendant was to pay more rent or vacate. He is not reported to have said that the tenant was to immediately vacate. It would follow, in the absence of agreement to the contrary, by an authorized person, that the notice to vacate on March 1st was to prevail.

"To constitute such a surrender there must not only be an abandonment by the tenant, but an acceptance thereof by the landlord as a surrender." *Banks* v. *Berliner,* 95 *N. J. L.* 267. Neither mutual rescission nor acceptance by the landlord appears in this case.

The judgment under review is reversed, and the case remanded for new trial; costs to abide the event.