Defendant appeals from a judgment of the Camden County Court, Law Division, entered against him in favor of plaintiff for rent for lot of ground leased to him, situate in the City of Philadelphia, Pennsylvania.
Under a written lease entered into between the parties dated June 1, 1943, plaintiff leased to defendant parcel of ground 100 feet by 200 feet "more or less from ground of used car line to Belgrade St. @ $25.00 monthly, for the term of one month" and monthly thereafter until terminated in accordance with the provisions of the lease. Defendant operated a sawmill and remained in possession until the end of October, 1944, paying rent therefor until December 1, 1944. The lease provided, interalia, "All saw dust to be removed from lots before terminating lease." Defendant's counsel concedes that *Page 207 
this provision so operated that defendant's right to terminate the lease was conditional upon his removal of the sawdust unless he had a sufficient excuse for failing to remove it. This concession is the basis of our decision. When he vacated the premises, defendant did not remove or attempt to remove the sawdust. His defense to plaintiff's suit was that he had given appropriate notice terminating the lease and he was prevented from removing the sawdust by plaintiff's action in placing a large trailer on the premises sometime in September, 1944; that, although he requested its removal on the ground that it interfered with his disposing of the sawdust, it was not taken away.
Defendant urges several grounds for reversal of the judgment below. We are of the opinion that defendant's failure to comply with the requirement of the lease to remove the sawdust before terminating it, is dispositive of the entire issue. Defendant argues that plaintiff's action in placing the trailer on the lot and refusing to move it, made it impossible for him to remove the sawdust and resulted in a constructive eviction. Assuming, but not deciding, that defendant gave proper notice to terminate, he admits that the trailer was placed on the lot in September, 1944; that he paid rent for approximately three months thereafter and retained physical possession of the premises until October 28, 1944. Defendant surrendered possession of the premises when he had concluded his business operation and not because plaintiff had taken possession of a portion thereof. He is precluded, therefore, from asserting constructive eviction as a defense to plaintiff's suit. This rule is clearly stated in 52 C.J.S., § 457, p. 173:
"Constructive eviction of a tenant by his landlord requires that the tenant abandon, vacate, or surrender possession of the premises; there is no constructive eviction where the tenant continues in possession, however much he may be disturbed in the beneficial enjoyment of the premises. Furthermore, it is essential that the tenant abandon the premises because of the acts or circumstances claimed to operate as an eviction."
"Since there can be no constructive eviction without a surrender of possession by the tenant, as discussed, supra, § 457, a tenant who *Page 208 
continues to occupy the premises for an unreasonable length of time after the acts or omissions that constitute a constructive eviction waives the eviction, and may not thereafter abandon the premises and assert it." 52 C.J.S., § 459, p. 180.
See Gunther v. Oliver, 97 N.J.L. 376 (Sup. Ct. 1922); affirmed, 98 N.J.L. 563 (E. A. 1923); Chelsea Hotel Corp.v. Gelles, 129 N.J.L. 102 (E. A. 1942).
A review of the evidence convinces us that defendant never intended to actually remove the sawdust from the lot. He stated that he planned to destroy it by burning, but this could not be undertaken because of the location of defendant's trailer. The description of the lot in the lease shows that it has a frontage of 100 feet on Belgrade Street and there is no satisfactory or believable explanation in the record to indicate that defendant could not have had access to the lot from Belgrade Street. The lease gave defendant no authority to burn the sawdust — it required him to "remove" it. The word remove is defined in Webster's International Dictionary as follows: "To move away; cause to change the place of; displace; shift."
If defendant were to comply with this requirement of the lease, it was incumbent upon him to actually move or take away the sawdust in order to terminate his liability for the rent. This, he failed to do. The parties tried the case, and argued the appeal, on the theory that the removal of the sawdust was a condition precedent to defendant's right to terminate the lease. Defendant failed to legally justify his nonperformance of this provision and thus he became liable for the rent claimed by plaintiff.
Our consideration of the other grounds of appeal satisfies us that they neither do not have any legal substance or, in view of the basis of our determination, the error attributed to the court's rulings was harmless.
The judgment below is affirmed, with costs. *Page 209