34 N.J. Super. 293 (1955)
112 A.2d 274
DUNCAN DEVELOPMENT COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DUNCAN HARDWARE, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1955.
Decided March 11, 1955.
*296 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Wallace P. Berkowitz argued the cause for the defendant-appellant.
Mr. Louis Gluck argued the cause for the plaintiff-respondent (Messrs. Hollander and Leichter, attorneys; Mr. Edwin P. Gordon, of counsel).
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiff, Duncan Development Company, is the lessor and the defendant, Duncan Hardware, Inc., the lessee under a written lease for the entire ground floor and basement of a building in Jersey City, for a term of five years from September 19, 1949, used in the operation of a hardware business. This suit was brought to recover rent for two months, due January 19 and February 19, 1954. The defendant resisted the claim on two grounds: (1) that wrongful acts of the plaintiff deprived the defendant of the use of part of the premises, constituting a constructive eviction; and (2) that the defendant surrendered and the plaintiff accepted the surrender of the demised premises. At the trial before the Hudson County District Court and a jury, the plaintiff moved for judgment in its favor, which the court granted. On this appeal, the defendant argues that the removal of the case from the consideration of the jury was error.
The defendant's claim of constructive eviction is based upon two unrelated sets of circumstances  an affirmative course of conduct on the part of the landlord and its failure *297 to perform a covenant in the lease. As to the former, the defendant asserted that the demised premises included a driveway adjoining the store and leading to the rear of the building used as a garage, and that the plaintiff on various occasions obstructed the driveway with its automobile, interfering with the delivery of merchandise to and from the defendant's store. Regarding the covenant in the lease, it appears that an apartment above the store premises was occupied by the plaintiff and that one central heating plant supplied heat for both the store and the apartment. The plaintiff covenanted to provide and maintain a separate heating unit for the premises above the store at its own expense, but it failed to perform, and instead for four years under a substitute arrangement the defendant heated both the store and the apartment, receiving therefor an allowance of $150 per season.
Eviction of a tenant is a good defense to a demand for rent which subsequently falls due. Burnstine v. Margulies, 18 N.J. Super. 259 (App. Div. 1952). Unless the tenant abandons or vacates the premises as the result of a wrongful act of the landlord, there is no constructive eviction. Metropole Construction Co. v. Hartigan, 83 N.J.L. 409 (Sup. Ct. 1912); Papst v. Schwarzstein, 101 N.J.L. 431 (Sup. Ct. 1925). A tenant who continues to occupy the premises for an unreasonable length of time after an act which constitutes constructive eviction waives the eviction, and may not thereafter abandon the premises and assert the eviction. Doyle v. Colasante, 3 N.J. Super. 205 (App. Div. 1949). To justify a tenant's abandonment or vacation of the premises and in order to be relieved from the performance of the terms of the lease, the act of eviction must be of a permanent character performed by the landlord in order to deprive, and which in effect does deprive, the tenant of the beneficial enjoyment of the demised premises, or a part of it. Morris v. Kettle, 57 N.J.L. 218 (Sup. Ct. 1894). O'Neil v. Pearse, 87 N.J.L. 382 (Sup. Ct. 1915), affirmed 88 N.J.L. 733 (E. & A. 1915). Chelsea Hotel Corp. v. Gelles, 129 N.J.L. 102 (E. & A. 1942).
*298 The temporary obstruction of a passageway or the mere abridgement or interference by the landlord with the enjoyment of the premises would not necessarily constitute a constructive eviction. Inconvenience or partial eviction would not suspend the payment of rent unless the deprivation is of a character and degree sufficient to prevent the tenant's beneficial enjoyment of the entire property. Meeker v. Spalsbury, 66 N.J.L. 60 (Sup. Ct. 1901). Here, the alleged obstruction of the driveway by the landlord was not a deprivation of the use of the demised premises; and if it had been, the tenant's continuance in possession operated as a waiver of eviction.
Generally, the landlord's covenant to alter or repair premises is regarded as an independent covenant and failure to perform does not amount to a constructive eviction, but gives rise to a cause of action for breach of the covenant. Stewart v. Childs Co., 86 N.J.L. 648 (E. & A. 1914); 1 American Law of Property, § 351, p. 281; 52 C.J.S., Landlord and Tenant, § 458, p. 178. A covenant to pay rent and a covenant to heat in a lease are often considered dependent and mutual covenants, and the failure to furnish heat is a good defense to an action for rent if the tenant vacates the premises by reason of the failure to heat. Higgins v. Whiting, 102 N.J.L. 279 (Sup. Ct. 1926). But where there was an agreement to furnish heat and the tenant remains in possession of the premises, he may not successfully defend a suit for rent on the ground of constructive eviction. Licker v. Rudd, 7 N.J. Misc. 575 (Sup. Ct. 1929). Where a landlord fails to render a service which he had agreed to furnish, the continued occupancy of the premises by the tenant may under some circumstances be no defense to the payment of rent, but the tenant might have a remedy for breach of a covenant of quiet enjoyment, expressed or implied. Metropole Construction Co. v. Hartigan, supra. In the instant case, the tenant's continuance in possession after the landlord's failure to comply with his covenant to install a separate heating unit and their concurrence in the substituted arrangement whereby the tenant was for four years allowed a *299 reduction in rent during the winter months operated as a waiver of the covenant. Gunther v. Oliver, 97 N.J.L. 376 (Sup. Ct. 1922).
The defendant next argues that it presented a jury question on the issue of surrender. The facts are these: In May 1953 the defendant located a store almost directly across the street from the plaintiff's premises. From July to September 1953 it moved its merchandise, but continued to use plaintiff's premises for storage, and paid rent until December. In the middle of October the plaintiff came to the defendant and asked for a set of keys in order to show the premises to a prospective tenant. The defendant delivered the keys to the plaintiff and contends they were never returned. On several occasions the plaintiff stored and washed its automobile in the garage, and on at least one occasion stored its snow tractor there. Also, the plaintiff dismantled and sold a heating blower which had been used to heat the defendant's store. Signs placed by the defendant in the store window to notify customers of its new location were removed by the plaintiff. Further, the defendant asserts that in January 1954 the plaintiff requested and was given the remaining keys to the premises.
A valid surrender terminates the obligation to pay rent. Hunt v. Gardner, 39 N.J.L. 530 (Sup. Ct. 1877). Surrender may be express or implied by law. To warrant a surrender by operation of law, the minds of the parties must concur in a common intent of relinquishing the relation of landlord and tenant, and that intent must be executed by acts tantamount to a stipulation to put an end thereto. It results from acts which imply mutual consent independently of the expressed intention of the parties that their acts shall have that effect. Miller v. Dennis, 68 N.J.L. 320 (E. & A. 1902); Home Coupon Exchange Co. v. Goldfarb, 78 N.J.L. 146 (Sup. Ct. 1909); Friederberg v. Parsons, 3 N.J. Misc. 473 (Sup. Ct. 1925). The acts must be incompatible with the continued existence of the relationship of landlord and tenant under the lease.
*300 To constitute a surrender of a lease by act and operation of law, there must not only be an abandonment by the tenant, but an acceptance by the landlord. Banks v. Berliner, 95 N.J.L. 267 (Sup. Ct. 1921). Nutter Mortgage Service v. Heck, 119 N.J.L. 294 (Sup. Ct. 1938). 2 Reeves on Real Property, § 652, pp. 916-7; 2 Taylor, Landlord and Tenant (9th ed.), sec. V, p. 101 et seq. But the mere receipt of keys and the landlord's endeavor to relet the property may not, without more, constitute an acceptance of surrender. O'Neil v. Pearse, supra; Joyce v. Bauman, 113 N.J.L. 438 (E. & A. 1934); Lorenz v. McCloskey, 5 N.J. Misc. 27 (Sup. Ct. 1926); International Dye & Print Works, Inc. v. Fashion, etc., Co., 116 N.J.L. 610 (Sup. Ct. 1936), affirmed 117 N.J.L. 424 (E. & A. 1937).
Whether there has been a surrender by operation of law depends on the intention of the parties to be deduced from their words and acts, and is ordinarily a question of fact for the jury. The burden of proof is on the party alleging the surrender, and where it is to be inferred from circumstances or conduct inconsistent with an intention to perform, the proof must be clear. 51 C.J.S., Landlord and Tenant, § 126, p. 723.
Surrender by operation of law "commonly occurs when the tenant abandons possession during the term in such manner as to indicate his intent to terminate the lease; and the landlord takes possession, in such manner as to show that he intends to reassume control for his own benefit, and not for the benefit of the outgoing tenant." Reeves on Real Property, supra. In the instant matter, any one of the acts of the parties might not as a matter of law constitute a surrender and an acceptance thereof, but in combination they were sufficient to raise a question of fact for the jury. The direction of the verdict in favor of the plaintiff was erroneous. The case is reversed to the end that the question of termination of the lease by the tenant's voluntary surrender and the landlord's acceptance may be passed upon by a jury.
Judgment reversed, with costs to abide the event.