REDFERN v. CORNELL.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

DECEIT—REPRESENTATIONS AS TO ANOTHER'S CREDIT—EVIDENCE.

In response to a letter from plaintiff as to Mrs. M.'s credit, defendant wrote that her credit was good for anything she might buy, and that Mr. M. was well known to him; and plaintiff, relying on his statement, sold Mrs. M. goods on credit. There was evidence, uncontradicted by defendant, that he was then living with her as her husband under the assumed name of Mr. M., in rooms rented to her on his guaranty, supporting her, and, in the rôle of husband, aided her in selecting part of the goods, communicated with plaintiff concerning them, examined the bill when presented, and conceded its correctness; that, shortly after the credit was given, the woman absconded, without paying bills incurred with other tradesmen by her while living with defendant. Defendant's notes to her for large sums of money which she claimed to have lent him, dated during the period they lived together, and paid by defendant's brother two years later, were in evidence; but there was no evidence that they were given at the time they bore date, nor, other than her declarations, any that they were for borrowed money. *Held*, that the evidence warranted a finding that the representations were false, and made by defendant with the knowledge that they were false, and with the intent to deceive.

Appeal from circuit court, New York county.

Action by Ernest Redfern against Henry M. Cornell for deceit. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Lemuel Skidmore, for appellant.
W. P. Knapp, for respondent.

RUMSEY, J. The action was for deceit. Substantially all the material testimony in the case was given on the part of the plaintiff. The defendant was not sworn as a witness, and the grounds upon which the judgment is sought to be reversed are technical, and based substantially upon the claim that the evidence of the plaintiff is not sufficient to warrant the finding of the jury. It appeared that the plaintiff was doing business under the firm name of Redfern & Co. in the city of New York; that on a certain day in December, 1891, a woman representing herself to be Mrs. J. H. Martin appeared at the place of business of the plaintiff, and asked for credit to a considerable amount for goods which she desired to purchase. She was asked for a reference, and gave as a reference the defendant. The plaintiff thereupon wrote to the defendant, saying that he was referred to him by Mrs. Martin, that

she was asking for credit, and inquiring of him if they were justified in giving her credit, and, if so, to what extent.    To that he received the following letter:

"Dec. 28, 62 Park Avenue.

"Messrs. Redfern: Answering yours of date, the party mentioned (Mrs. J. H. Martin) is good for anything she might order.    Mr. Martin is perfectly well known to me.

"Yours,                                             Henry M. Cornell."

It appeared from the testimony, and was not denied, that at that time the Martin woman was living in No. 23 West Fifteenth street with the defendant, who passed himself off at that place as Mr. J. H. Martin.    Relying upon that letter, the plaintiff, during the months of February and March, 1892, furnished goods to Mrs. Martin to the amount of $2,162, for which he was never paid. It further appeared from the testimony, and was not disputed, that, on more than one occasion when goods were sold to Mrs. Martin, the defendant, under the name of Martin, was with her, and assisted in the selection of the goods, and that at various times he had communication with the plaintiff about them, and finally, after the bill had been presented, he procured it to be brought to him; that he examined it, and conceded its correctness.    Mrs. Martin finally disappeared, and, this bill not having been paid, plaintiff brought an action for damages to the amount of the bill for the deceit which he claims was practiced upon him by the defendant in falsely representing that she was entitled to credit.

In such actions, as is well known, it is necessary for the plaintiff to prove that the representations were made by the defendant; that they were false when made, and were known by the defendant to be false; that they were made with intent to deceive; and that the plaintiff relied upon them to his damage.    That the representations were made is conceded.    That the plaintiff relied upon them, to his serious damage, is not disputed, but was proved upon the trial.    It is claimed, however, that there is not sufficient proof that the representations were false, or that they were known by the defendant to be false, or that he made them with intent to deceive. With regard to the falsity of the representations, it appears that this woman was living with Cornell under the name of Martin, as a kept woman; that the house was rented to her upon his guaranty; that he was in her company a large portion of the time; and that he passed himself off as her husband.    There was evidence from which the jury might find that he was the head of that house. Taking all those things together, it is quite clear that the jury would have been justified in coming to a conclusion that the man who was living in these intimate relations with the woman, and who claimed to be her husband, was familiar with her financial condition.    That the representations were false was clear from the facts.    It appeared that for several months, while the woman was living in that vicinity with the defendant, she incurred debts to various tradesmen, and that finally she disappeared without paying those debts, and that they remained unpaid at the time this action was brought.    This evidence was sufficient to warrant the

jury in finding that she was insolvent. It is quite true that there was evidence on this particular point on behalf of the defendant to the effect that, in 1894, Mrs. Martin presented to the defendant's brother notes signed by the defendant himself, to the amount of something like $11,000, which were paid; and it also appeared that these notes were dated at various months in 1892, when the defendant and the woman were living together, and that she claimed they were given for borrowed money. But the only fact that was established by that testimony was that the notes were dated in the early part of 1892, and that they were paid in the year 1894. There was no evidence on the trial of the truth of the declarations that they were given at the time they bore date, nor was there any evidence whatever that they were given for borrowed money; and the jury were not bound to take these declarations of Mrs. Martin, as to the truth of which the jury knew nothing whatever. All that appeared in the case, therefore, was that this woman, being a kept woman, living with a man who was not her husband, and supported by him, had absconded without paying her debts, shortly after this large bill was contracted, and that two years afterwards she came into possession of a considerable amount of money. This evidence was sufficient to warrant the jury in finding that, at the time this representation that Mrs. Martin was good for anything she might order was made, it was not only false, but that the defendant had reason to believe it was not true. When that state of facts appears, the intent to deceive may fairly be inferred from the falsity of the declarations. People v. Herrick, 13 Wend. 87. It is quite true that the evidence upon these points is slight, but it was sufficient to require the jury to pass upon the facts; and, however slight may have been the testimony, they had a right to consider, in passing upon the facts, that, such as it was, it was entirely undenied and unexplained by the defendant, who was able to explain any suspicious circumstances, and tell precisely what he knew with regard to the financial condition of this woman, and his relations with her. The jury might apply the rule that, where one who has at hand evidence which might explain away suspicious circumstances does not choose to give that evidence, it is a fair inference of fact that he could give no explanation which would remove the suspicions.

Several exceptions were taken to the rulings of the court upon the admission of evidence. These exceptions we have examined, and we are satisfied that they are of no importance.

The judgment and order should be affirmed, with costs. All concur.