J. F. McCLELLAND, as Sheriff of Seminole County, Florida, and MABELLE BOYLEN, *Appellants*, vs. MARION HOLDING COMPANY, INC., a corporation, W. W. C. SMITH, and E. C. SMITH, JR., *Appellees*.

137 So. 887.

Division A.

Opinion filed November 23, 1931.

W. A. *Pattishall*, for Appellants;
*DeCottes & Spencer*, for Appellees.

BUFORD, C.J.—The appeal in this case is from an order overruling a demurrer to a bill of complaint. The bill of complaint was filed to procure an injunction restraining the sale of personal property which had been levied on under an execution issuing out of the County Court of Orange County, Florida, in the sum of Six Hundred Thirty-seven ($637.00) Dollars.

The bill of complaint alleges that the judgment is void because it is in excess of the jurisdiction of the court and by amendment upon the further ground of alleged fraud in the procuring of the judgment. There are no such acts of fraud alleged in the bill of complaint as amended which would constitute grounds for the cancellation of the judgment by a suit in chancery. In this regard the amendment to the bill of complaint charged in effect that the fraud consisted in the action of Mrs. Boylen proving damages in a replevin suit in an amount greater than she was entitled to recover. If there was any merit in the contention the matter could have been reviewed on writ of error from the circuit court.

The execution under which the levy was made was a pluries execution.

The bill of complaint alleges that "regardless of the fact that said judgment, so entered against your Orators was in excess of the jurisdictional limits of the Court so entering said judgment, and was in excess in each instance of the sum of FIVE HUNDRED ($500.00) DOLLARS, the jurisdictional limit of the County Courts of the State

of Florida, the defendant, Mabelle Boylen, otherwise known as Mrs. H. T. Boylen, caused a certain original execution to be issued based upon said judgment, but no levy was made upon the property of either of your Orators under said original execution, nor has said original execution been returned to the Clerk of the County Court of Orange County, Florida; that thereafter prior to the return of said original execution to the Clerk of the County Court of Orange County, Florida, the defendant, Mabelle Boylen, otherwise known as Mrs. H. T. Boylen, caused a certain alias execution to be issued in said cause, but no levy was made under said alias execution upon any property owned by either of your Orators, nor was said alias execution returned to the Clerk of the County Court of Orange County, Florida, as required by law; that thereafter, without either the original execution or the alias execution, issued in said cause, based upon said judgment, having been returned to the Clerk of the County Court of Orange County, Florida, the defendant, Mabelle Boylen, otherwise known as Mrs. H. T. Boylen, caused a pluries execution to be issued in said cause, based upon said judgment so entered against your Orators, as hereinabove alleged and set forth, etc.; and that, therefore, the levy is void.

The first proposition advanced by the complainant in the court below, that is that the county court was without jurisdiction to enter the judgment complained of in a replevin action, has been settled by this Court adversely to the complainants contention in the case of Goldstein et al. vs. Miami Wrecking & Salvage Co., filed October 16, 1931, and as the bill of complaint does not allege acts of fraud sufficient to warrant a decree holding the judgment to be void, the only other question left for our consideration is whether or not the sale should be enjoined because the levy was made under a pluries execution. The levy here is on personal property. There is no showing in the bill of complaint which will warrant the intervention of a

court of equity to enjoin the sale because the complainants had full, adequate and complete remedy at law. Sections 2828 R. G. S., 4515 C. G. L., and 2829 R. G. S., 4516 C. G. L., are applicable to this case if the complainant was entitled to relief against the execution.

On the whole, there is no equity in the bill of complaint. The demurrer should have been sustained and the bill dismissed.

The order appealed from is reversed with directions that the bill of complaint be dismissed.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.