ROBERT H. McNEILL and THOMAS A. POOLE, Individually and as Trustee, etc., *Appellants*, vs. BURNEY V. LYONS, ELLA A. WARD, Individually and as Executrix of the Estate of GEORGE W. WARD, deceased, etc., et al., *Appellees*.

140 So. 921.

En Banc.

Opinion filed April 19, 1932.

244

*George W. Dayton,* for Appellants;

*Arthur L. Auvil,* for Appellees.

BUFORD, C.J.—The appeal here is from an order of the chancellor in which the chancellor dismissed the bill of complaint as to a certain tract of land and directing Receivers theretofore appointed to deliver possession of that tract of land to the holder of a tax deed, such holder having acquired the deed during the pendency of the suit and while he was solicitor for the defendants in the suit in which the land was involved.

The question sought to be presented to this Court is whether or not the solicitor for defendants may acquire a tax deed to certain lands then in possession of Receivers under order of court made in the case in which such holder of tax deed is solicitor for the defendants and by petition filed in the cause to which cause he is not a party, procure an order of court dismissing the bill of complaint as to that particular land embraced in the tax deed and requireing the Receivers to deliver possession thereof to the solicitor holding such tax deed.

An examination of the bill of complaint shows that it states no ground of equitable cognizance and, therefore, the entire bill of complaint should have been dismissed.

Where there is no equity in a bill of complaint, and for that reason it should be dismissed, it is not reversible error for the chancellor to dismiss the bill as to any item contained therein. The appellate court is not concerned with the reasons which may influence the chancellor in making an order but is only concerned with the order and the result thereof. Therefore, the reason for which the chancellor dismissed the bill as to a certain tract of land described therein becomes immaterial when there are no al-

legations in the bill warranting the intervention of equity as to any of the lands described in such bill.

The order of the chancellor should be affirmed insofar as it dismissed the Bill of Complaint as to certain described lands, but the order appealed from must be reversed insofar as it directed the Receivers to deliver possession of the therein described lands to the holder of the tax deed who was not a party to the suit and whose rights as between himself and the parties to the suit the court had acquired no jurisdiction to determine. The cause should then be remanded, with directions that the entire bill of complaint be dismissed without prejudice to the complainants to otherwise pursue their remedies against the defendants in law or in equity and in accordance with law and the rules of practice. It is so ordered.

Reversed and remanded with directions.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., concurs in part and dissents in part.

BROWN, J., (concurring in part and dissenting in part) —The bill was fearfully and wonderfully made, but I think it has some equity in it—for an accounting, quieting of title and receivership. I concur in the holding that the chancellor erred in making the orders appealed from, but I do not think the entire bill should be ordered dismissed.