**ROBERT KENNEDY, et ux., v. B. D. DeLONG, et al.**

24 So. (2nd) 703              January Term, 1946
February 1, 1946                        Division B

*Jordan Johnson,* for appellants.
*Robert D. Tylander,* for appellees.

BARNS, Circuit Judge:

Unlawful detainer proceedings were brought against appellants by appellees in the county court. It appears that the proceedings there were had pursuant to F.S. of 1941, 82.01 et seq., upon a petition and a summons. A venire facias was issued for jurymen to try the case on the return day of the summons. Notwithstanding F.S. 82.11, 1941, defendants filed pleas and some interrogatories. Upon the return of the writ the trial proceeded ex parte, and a verdict was rendered against appellants.

Motions to set aside the verdict and for new trial were promptly made, the principal basis for both being that defendants' counsel did not know the case would be tried on the day and at the hour mentioned in the summons—to-wit, 9:30 A.M. of May 7, 1945. Both were denied. It does not appear that the unlawful detainer suit was appealed.

Appellants' next step was to bring this equity suit to have this court interpret said lease and issue a mandatory injunction giving appellants restitution. The motion to dismiss the bill was sustained, and appellants' appeal assigned as error the chancellor's decree of dismissal.

In this case appellants seek interpretation and a declaratory decree too late. They might have appropriately sought this relief before the termination of their tenancy by the proceedings in the County Judge's court by tendering into court with their bill the moneys claimed by their landlord or by offering to do equity, asking adjudication of amount due, if any, and offering to give indemnity security as a condition to the issuance of an injunction against the landlord, seeking termination of the lease or dispossession. Such was the case of Masser et al v. The London Operating Company, 106 Fla. 474, 145 So. 79.

Notwithstanding that we have concluded that the chancellor did not err, we note from the proceedings in the county

court that the verdict was only for real estate, when the petition and summons included personal property. The statutory petition, summons, and verdict forms as contained in the above mentioned statute do not have to be followed literally. It was intended by the legislature that they be followed "substantially" in order to allow slight departures from the words of the statutory forms by reason of the circumstances of the particular case. The verdict was within the petition and summons, but for less property.

The decree appealed is affirmed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.